UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IYANA WILLIAMS            JURY TRIAL DEMANDED

v.            CASE NO. 3:15 cv

ARMAND FRIED
ARMAND LAW GROUP, PLLC

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § 1692.

2. The Court has jurisdiction. 15 U.S.C. § 1692k and 28 U.S.C. §133l.

3. Plaintiff is a natural person who has resided in Connecticut at all relevant times.

4. Plaintiff is a consumer within the FDCPA, in that the account involved in defendants' collection efforts arose out of a personal transaction with a grocery store.

5. Each defendant regularly collects consumer debts through the use of the telephone or a form letter sent by mail.

6. Defendant Fried is the proprietor of Armand Law Group, manages its daily collection operations and had knowledge of, approved, participated in, or ratified the collection letter at issue herein.

7. Each defendant was required to be licensed by the Connecticut Department of Banking in order to legally collect consumer accounts from Connecticut residents.

8. Neither defendant was licensed as a consumer collection agency in compliance with chapter 669 Part XII of the Connecticut General Statutes in August 2015, when communicating in connection with efforts to collect plaintiff's personal account.

9. Unlicensed collection activity violates the FDCPA. Goins v. JBC & Associates,

P.C., 352 F. Supp. 2d 262 (D. Conn. 2005).

10. Defendants' letter did not contain their office phone number in order to prevent the consumer from calling in response to the notice required by 15 U.S.C. § 1692g.

11. Defendants' letter provided a telephone number to call, but it was that of "Aargon," which was defendants' client.

12. Defendants' letter suggested calling Aargon at least four times, once in bold. It included, "In order to resolve this matter you must contact AARGON directly."

13. Deflecting dispute notices to a third party violates the FDCPA. Macarz v Transworld Systems, Inc., 26 F. Supp. 2d 368 (D. Conn. 1998).

14. In the collection efforts, each defendant violated the FDCPA, § 1692e, -f, or –g.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against each defendant under the FDCPA;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and such further relief as law or equity may provide.

                        THE PLAINTIFF

                        BY____/s/ Joanne S. Faulkner___
                        JOANNE S. FAULKNER ct04137
                        123 Avon Street
                        New Haven, CT 06511-2422
                        (203) 772-0395
                        faulknerlawoffice@snet.net